JOHN VANCE v. COLUMBUS UPSON, EX'R, ET AL.

(Case No. 5319.)

1. PROBATE — APPEAL TO DISTRICT COURT — REVOCATION. — A will was probated in March, 1881; in January, 1882, proceedings were had in the same court to probate a subsequent will; the case was appealed to the district court, and an amended petition was filed, praying that the first will be declared a revoked and canceled will, and that the executors under the first will be required to account with and turn over the property to the executors named in the second will. *Held:*

(1) That on appeal the district court could do in the case whatever the county court could have done. There could be no doubt of the jurisdiction of the district court to admit to probate the paper claimed to be the last will of the deceased, if the evidence showed that such was its true character, and that it was properly executed.

(2) The fact that the county court had formerly admitted to probate, as the will of the same testator, another paper executed as a will, prior in point of time to the last, interposes no obstacle whatever to the probate of any paper or papers which may be in fact and in law the last will of the testator.

(3) There is no doubt that a probate court can correct errors arising out of fraud or mistake in its own decrees. This power does not render the decrees of such a court less conclusive in any other court, or in any way impair the probate jurisdiction, but renders that jurisdiction more complete and effectual, and, by enabling the probate court to correct mistakes and supply defects in its own decrees, better entitles them to be deemed conclusive in other courts. Following Waters *v.* Stickney, 12 Allen, 1; Gaines *v.* Hennen, 24 How., 567.

(4) That the proposition that the paper claimed to be the last will could not be probated so long as the probate of the earlier will was not revoked is unsound in principle and not sustained by authority. The validity of the paper last executed could be determined only through the judgment of a court, having jurisdiction to probate wills, declaring, in legal effect, that the paper was executed by the testator in such manner and under such circumstances that it was the last will and testament of the deceased; until this was done, the will first probated would stand, and a probate court would revoke it only when it had been legally established that the testator had revoked the first will by the execution of a second.

(5) That the amended petition did not set up a new or different cause of action from that set up in the county court; for if the paper offered as the last will of the testator revoked all former wills, then it would seem that its probate as his last will would incidentally have the effect of revoking the former probate.

(6) That the district court had power in this case, if the evidence justified it, to probate the paper offered as the last will of the testator, and, as incidental to this, the additional power of revoking the first will probated, even though there had been no prayer for such revocation.

ERROR from Bexar. Tried below before the Hon. L. N. Walthall, Special Judge.

The opinion states the case.

*T. G. Pray* and *L. D. Dibble*, for plaintiff in error, cited: Franks *v.* Chapman, 61 Tex., 576; Williams on Ex. (6th Am. ed.), 4th book, ch. 1, pp. 331, 338, note U., 1; Succession of Vogel, 20 La., 81; 2 Story, 331; Waters *v.* Stickney, 12 Allen, 1, and cases cited; Wilkins *v.* Robinson, 14 Jur., 72; Clark *v.* Wright, 3 Pick., 67; Bowen *v.* Johnson, 5 R. I., 119, 120; Gaines *v.* Hennen, 24 How. (U. S.), 553–631, 4th page of decision; Clagett *v.* Hawkins, 11 Md., 381; Schultz *v.* Schultz, 10 Grat., 358.

*Jacob Waelder*, for defendants in error, cited: Murchison *v.* White, 54 Tex., 81; Wells' Res. Adj., § 576 and p. 507; Part II, Red. on Wills, 55; 1 Jarman on Wills, 220; Crippen *v.* Dexter, 13 Gray, 332; arts. 1938–40, 2200, 2208, R. S.; Franks *v.* Chapman, 60 Tex., 48; Same Case, 61 Tex., 579; Timmins *v.* Bonner, 58 Tex., 557.

STAYTON, ASSOCIATE JUSTICE.— The questions raised in this case are fairly presented in the statement of the case and proceedings had, made by counsel for plaintiff in error, which is as follows:

"A will of James Vance, dated Paris, France, April 27, 1867, was admitted to probate on the 26th day of March, 1881, in the county court of Bexar county, sitting in probate.

"Subsequently, and some time in the fall of 1881, a subsequent will and two codicils, bearing date respectively May 14, July 15 and July 24, 1870, were found, and on the 9th day of January, 1882, the usual and ordinary proceedings to probate the same were commenced in the same court, and after trial was appealed to the district court, where, at the March term, 1884, a trial was had, when the jury failed to agree.

"On the 30th day of June, 1884, by leave of the court, the plaintiff filed his first amended original petition, setting out the fact of the former will and the proceedings to probate the same, and praying the probate of the will and two codicils of 1870, and for letters testamentary, and also praying that the proceedings of March 26, 1881, probating the will of 1867, be revoked and the will of 1867 be declared a revoked, canceled will, and also praying that Columbus Upson, the executor under the will of 1867, be required to account with and turn over the property to the executors named in the will and two codicils of 1870.

"On the 10th day of November, 1884, the case coming on again to be tried, the defendant filed a first supplemental answer styled by him in argument a demurrer, setting up that 'it appeared from the amended original petition of plaintiff that a will of the said James

Vance, deceased, was probated on the 26th day of March, 1881. That Columbus Upson was appointed and has qualified as executor of said estate under said will; that neither this court nor the probate court, from which this case is brought by appeal, has the legal right or power to probate any other will, or in any wise interfere with the provisions or directions of the will so probated; that the judgment of the court probating the same is conclusive and cannot be annulled or suspended in this proceeding, and praying a judgment of dismissal of said cause.'"

The demurrer was heard, sustained, and the cause dismissed.

The power to probate wills is conferred upon the county courts by the constitution. Const., art. 5, sec. 16.

The district courts have appellate jurisdiction in probate matters of which the county courts are given original jurisdiction by the constitution. Const., art. 5, sec. 8.

Causes appealed from the county courts to the district courts must be "tried anew as if originally brought in such court." R. S., 2207. Hence, on appeal, the district court may do in the given case whatever the county court could have done.

The application to probate the last will was made within one year after the alleged death of the testator.

On the case made, there can be no doubt of the jurisdiction of the district court to admit to probate the papers claimed to be the last will of James Vance if the evidence shows such to be their true character, and properly executed. The fact that the county court, by its decree, had formerly admitted to probate, as the will of the same testator, another paper executed prior to the time the one now offered was executed, interposes no obstacle whatever to the probate of any paper or papers which may be in fact and in law the last will of James Vance.

The power of a probate court to admit to probate a subsequent will, after the probate of an earlier one, has been considered in many cases, and is too well established to admit of controversy.

In the case of Waters v. Stickney, 12 Allen, 1, the question was considered, the authorities reviewed, and the conclusion from them thus summed up: "In the face of these authorities it is impossible to deny the power of a court of probate to approve a subsequent will or codicil, after admitting to probate an earlier will by a decree the time of appealing from which is past; or to correct errors arising out of fraud or mistake in its own decrees. This power does not make the decree of a court of probate less conclusive in any other court, or in any way impair the probate jurisdiction; but renders

that jurisdiction more complete and effectual, and, by enabling a court of probate to correct mistakes and supply defects in its own decrees, better entitles them to be deemed conclusive upon other courts."

This power was exercised in Louisiana in the case of the will of Daniel Clark, which, through the litigation in reference to his estate, has become historic, and in the case of Gaines v. Hennen, 24 How., 567, the supreme court of the United States affirmed the existence and proper exercise of the power.

The power is declared and was exercised in the following cases: Bowen v. Johnson, 5 R. I., 112; Schultz v. Schultz, 10 Grat., 358; Clark v. Wright, 3 Pick., 68.

The proposition that the papers now claimed to be the last will cannot be probated so long as the probate of the earlier will is not revoked is unsound in principle and not sustained by authority.

The ground on which the paper first probated is to be set aside and its probate revoked is, not that it was not duly executed by the testator at a time when he was capable of making a will, but that subsequent to the making and publication of that paper as the last will of the testator another paper was executed by him in such manner and under such circumstances as to make it the last will of the testator, by and through which all preceding testamentary papers were revoked.

How is the validity of the paper last executed to be determined? Certainly in no other way than is determined the validity of any will — through the judgment of a court having jurisdiction to probate wills, declaring, in legal effect, that the paper was executed by the testator in such manner and under such circumstances that it is the last will and testament of the testator. Until this is done, the paper probated as the will must stand as against another offered for probate, unless set aside on some ground other than that the testator made a subsequent will by which it was revoked.

To revoke the probate of a will upon the claim that the testator had revoked the will itself, by the execution of a subsequent will, until the later fact is legally established, would be folly; for it might be found ultimately that the subsequently executed paper could not operate a revocation of the probated will either in whole or in part.

It is certainly true that no one can be called upon in a court of justice to have done a given thing before he will be permitted to have another thing done, when, until the later thing is done, there is no right to have the former thing done.

That it is not necessary to have the probate of an earlier will set

aside before a later will can be probated is well settled. Gaines v. Hennen, 24 How., 566; Bowen v. Johnson, 5 R. I., 120; Schultz v. Schultz, 10 Grat., 359.

The amended pleadings filed in the district court did not set up in any respect a new or different cause of action to that set up in the county court; nor was any relief asked which might not have been given in the county court upon the simple petition to probate the last will of James Vance, if the papers offered for probate were found to be in law his last will, revoking all others; assuming, however, that all persons interested in the estate and under the will formerly admitted to probate were properly before the court.

If the papers offered as the will of James Vance revoked all former wills, then it would seem that their probate as his last will would incidentally have the effect of revoking the former probate, and, if so, the court might so declare whether there was any pleading asking such relief or not. That such is the effect of probating a subsequent will, revoking all others, on the probate of an earlier will is necessarily true and well settled. In speaking upon this subject the supreme court of the United States said: "When a court recalls the probate of a will, substituting the probate of another will by the same testator made posterior to the first, that the former becomes inoperative, and the second is that under which the estate is to be administered, without any formal declaration by the court that the first was annulled, and it makes no difference that a part of the estate has been administered under the first probate." Gaines v. Hennen, 24 How., 567.

In Bowen v. Johnson, 5 R. I., 119, it was held that the probate of a former will may be revoked upon a mere application to a court of probate to prove, or to allow to be filed and recorded, a later will of the same testator, as incident thereto; and that it is not necessary that a preliminary and separate proceeding should be instituted for the purpose of such revocation.

The court uses the following language, which reaches the whole question:

"Now it would seem to be quite congruous with the statute mode of conferring this power of revoking the old probate, to wit, as incidental to the power of taking probate of the later will when discovered, for the court to exercise this power of revocation as incidental to the new grant of probate, rather than to make it necessarily the subject of preliminary and separate action. Such a practice would save the delay and expense of double proceedings, and enable the court to revoke or modify the old probate, as the

old will utterly conflicted or was capable of partially standing with the new one. Notice of the petition for the probate, or for filing and recording of the new will, must necessarily be given to the parties interested under the old one; and the prayer of such a petition incidentally involves the revocation of the probate of the will of prior date, so far as such will conflicts with the provisions of the will of later date."

As this case is presented, the district court has power, if the evidence justifies it, to probate the papers offered as the last will of James Vance; and if this be done as incidental to this power, has the power to revoke the probate of the will formerly probated, just as had the county court; and this might have been done if justified by the facts appearing on the trial, even if the amended petition had not been filed. The amendment in no respect affects the jurisdiction of the court, and the demurrers should have been overruled.

Other questions which may arise in the further disposition of the case are not before us.

For the error of the court in sustaining the demurrers and dismissing the case, the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 19, 1885.]