Lawrence W. KLEIN and Jimmy L. Klein, Appellants,

v.

Lee DIMOCK and Bill Holman, Co-Executors of the Estate of L.A. Klein, Lee Dimock, Marcella Dimock, St. Mary's Catholic Church of Henrietta, Children's Playground Fund of St. Mary's Catholic Church of Henrietta, Catholic Church of Jacksboro, Texas, St. Theresa's Homes of Fort Worth, Scottish Rites Hospital, St. Joseph's Center of Dallas, North Texas Rehabilitation Foundation, Inc. of Wichita Falls, Clay County Memorial Hospital, the Attorney General of Texas, Jana Beth Klein, Jennifer Klein and Mary Sue Klein, Appellees.

No. 2–85–056–CV.

Court of Appeals of Texas, Fort Worth.

March 19, 1986.

Towery & Sutherland, Richard T. Sutherland, Wichita Falls, for appellees Lee Dimock and Bill Holman, Co-Executors.

Banner, McIntosh & Dobbs, Jack Banner, Wichita Falls, for appellees Lee Dimock and Marcella Dimock.

Crumley, Murphy & Shrull, John W. Crumley and Michael W. Kelly, Forth Worth, for appellees St. Mary's Catholic Church, Childrens' Playground Fund of St. Mary's Catholic Church, Catholic Church of Jacksboro, Tex., St. Theresa's Homes and St. Joseph's Center.

Leonard E. Choate, Dallas, for appellee Scottish Rites Hosp.

Jim Mattox, Atty. Gen., David R. Richards, Executive Asst., and Lance Beversdorff, Asst. Atty. Gen., Austin, for appellee Atty. Gen. of Texas.

Neil, Hartman & McRae, Karen E. McRae, Dallas, for appellants.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

This is an appeal from a judgment by the trial court dismissing appellants' petition contesting the 1981 will of L.A. Klein. Appellees are beneficiaries of this will. Appellants raise three points of error.

We affirm.

On April 27, 1961, L.A. Klein and his wife, Mary Louise, executed a "joint and mutual" will (the 1961 will) wherein the survivor was bequeathed the entire estate and upon the survivor's death, the remainder was to go to appellants, their grandsons, if the grandsons were living. After the death of Mary Louise Klein, L.A. Klein duly probated the 1961 will.

Thereafter, on February 18, 1981, L.A. Klein made and executed another will revoking the joint will made April 27, 1961. Under this later will, which named appellees, Lee Dimock and Bill Holman, co-independent executors, appellants received a lesser share of decedent's estate. L.A. Klein subsequently died on July 27, 1981. Appellees, Dimock and Holman, then filed an application for probate of the 1981 will. Said will was admitted to probate by an order dated August 11, 1981.

On December 2, 1981, appellant Lawrence W. Klein filed suit to contest the probate of the 1981 will. Later, on October 3, 1983, appellant Jimmy Klein joined his brother as a contestant of the 1981 will. In addition to this action appellants, on December 28, 1983, filed an application for the probate of the 1961 will. Their amended pleadings sought to set aside the 1981 will on various grounds including fraud and forgery on the part of appellee, Lee Dimock, and his wife, Marcella.

On January 25, 1984, the trial court ruled that all beneficiaries under the 1981 will were necessary parties and must be brought into the lawsuit. Subsequently, on February 20, 1984, appellants filed their third amended petition to contest probate of the 1981 will impleading all of the beneficiaries under said will as parties. Thereafter, appellees filed motions to dismiss, pleas in abatement, and pleas in bar in response to appellants' pleadings. In addition, appellants sought to consolidate the 1981 will contest and the application for probate of the 1961 will.

On November 2, 1984, a hearing was held on all these pleas. After the hearing the trial court entered judgment that appellants' will contest was barred by the two year statute of limitations since more than two years had elapsed following the entrance of the order admitting the 1981 will to probate before all the necessary and indispensible parties were impleaded. *See* TEX. PROB. CODE ANN. sec. 93 (Vernon 1980).

In their first point of error appellants argue the trial court erred in dismissing their case because said action sufficiently set forth a suit on a contract of a joint and

mutual will and a suit for the probate of this joint and mutual will and both of these causes of action are governed by a four year statute of limitations. Appellants do not contest the fact that all necessary and indispensible parties were not served within two years of the order admitting the 1981 will to probate. Instead, they urge that a suit seeking to set aside a will already probated and admitting another will to probate is not a will contest but a proceeding pursuant to · TEX.PROB.CODE ANN. sec. 83(b) (Vernon 1980), and thus is governed by the four year statute of limitations for the admission of wills to probate. In support of their contention appellants primarily rely on *Estate of Morris*, 577 S.W.2d 748 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). We find *Morris* distinguishable on its facts, however.

In the *Morris* case the testatrix died April 1, 1975. She had executed a 1965 will leaving her property to her surviving husband, the named independent executor, who offered the will for probate. On April 29, 1975, an order was entered admitting the 1965 will to probate. On September 16, 1977, two years and five months later, the testatrix's daughter filed an application for probate of a 1968 will. The executor of the 1965 will pled the two year statute of limitations for will contests.

The Amarillo Court of Civil Appeals found the daughter's action was not a direct attack on the 1965 will and therefore the daughter's action was not foreclosed by the two year statute of limitations for will contests. The court went on to hold that a timely application for probate of a subsequent will is neither a contest of the validity nor barred by the probate of an earlier will. *Id.* at 752.

In our case, appellants were trying to get an earlier will admitted to probate. Appellants' purpose in seeking the probate of this earlier will was to set aside the provisions of a later will which specifically revoked all prior wills. The probate of this later will barred the probate of all earlier wills unless a contest was brought within two years. Thus, in our case and unlike

*Morris* it was necessary for appellants to show some other reason to defeat the 1981 will other than the mere probating of the earlier 1961 will. Accordingly, we find that appellants' action was a direct attack upon the later will and it was governed by the two year statute of limitations governing will contests.

We further note that even though appellants are now claiming their action was a proceeding seeking to admit the 1961 will to probate, rather than a contest of the 1981 will, appellants' petition is styled "Petition to Contest Probate of Will."

Finally, as far as appellants' assertion that this is a contract action, we would point out that appellants' cause of action lies in equity, not contract. *See Weidner v. Crowther*, 157 Tex. 240, 301 S.W.2d 621, 625 (1957); *Murphy v. Slaton*, 154 Tex. 35, 273 S.W.2d 588, 593 (1954).

We overrule point of error one.

In their second point of error appellants maintain the trial court's reason for dismissing their suit was because the record was improperly transferred from county court to district court as the county clerk failed to properly certify the record. By their third point of error appellants contend there was no evidence to support the trial court's dismissal on such grounds.

Before addressing these contentions we would point out that appellants state in their brief that they "do not believe the Trial Court based its judgment of dismissal on such grounds but because of the lack of separate Findings of Fact and Conclusions of Law, Appellants direct same to this Honorable Court's attention." We agree with appellants' impression.

The trial court's judgment contains specific recitals of facts all concerning the two year statute of limitations for will contests. Although appellees filed motions to dismiss based upon an alleged improper transfer of the case from county court to district court, it is thus quite apparent that the judgment of the trial court is based solely upon the finding that appellants failed to implead all necessary and indispensible parties within

the two year limitation period. We accordingly find appellants' second point of error to be without merit. In light of our disposition of point of error two, we also overrule appellant's third point of error.

. We affirm.