France Martina STOVALL, Independent Executrix of the Estate of Martin Marvin Rose, Jr., Appellant,

v.

Gina Rose MOHLER, Appellee.

No. 04–01–00606–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 2002.

Thomas C. Hall, Hall & Bates, L.L.P., Frederick R. Zlotucha, San Antonio, for Appellant.

Clinard J. Hanby, Woodlands, Patrice McKinney, R.I. Pete McKinney, Crawford & McKinney, Houston, A. Chris Heinrichs, P.C., San Antonio, for Appellee.

Sitting PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

Opinion by ALMA L. LÓPEZ, Justice.

On April 9, 2002, appellant France Martina Stovall filed a motion for rehearing of this court's opinion that issued on March 20, 2002. *See Stovall v. Mohler*, 2002 WL 432566 (Tex.App.-San Antonio 2002, March 20, 2002). Stovall also filed a motion for oral argument on rehearing. On August 9, 2002, this court ordered a response from appellee, Gina Mohler. On October 29, 2002, we granted appellant's request for oral argument. After consideration of the briefs and oral argument of the parties, we deny appellant's motion for rehearing and affirm the judgment of the trial court. However, we withdraw our prior opinion in this matter and substitute this opinion in its place.

## BACKGROUND

Martin Marvin Rose, Jr., Stovall's grandfather and Mohler's father, died on January 13, 1996. On March 24, 1997, a document purporting to be Rose's 1993 will was admitted into probate by order of the probate court. A will contest subsequently ensued. On June 2, 1997, Mohler contested the authenticity of the 1993 will. Stovall was joined as a defendant in that proceeding. In November 1998, Stovall was non-suited from the case. A trial was held. At trial, all interested parties contended the 1989 will had been revoked by destruction. On February 22, 1999, a judgment was entered pursuant to the jury's finding that the 1993 will was a forgery and that Rose had died intestate. The jury also found that the 1986 and 1989 wills did not exist. In April 1999, Rose's wife, Frances Rose, filed a Supplemental Motion for New Trial which alleged the 1989 will had been discovered. A copy of the 1989 will was attached to that motion and filed as part of the record of the court. We do not have before us the probate court's ruling on Frances Rose's motion.

Over a year later, on May 3, 2000, Stovall filed an alternative application for probate of the 1986 will, or alternatively, the 1989 will under the same cause number as the will contest in which judgment was entered. In response, Mohler filed a mo-

tion for summary judgment on this application asserting Stovall's application was precluded as a matter of law on the grounds of limitations under sections 73 and 93 of the Texas Probate Code and res judicata. Stovall responded and also filed her own motion for summary judgment. In one order, the probate court ruled on various objections raised by Mohler to Stovall's responsive summary judgment evidence. Mohler particularly objected to parts of the affidavit filed by Stovall in support of her response. Some of Mohler's objections to Stovall's affidavit were sustained. In the same order, the probate court denied Stovall's motion for summary judgment and granted Mohler's motion for summary judgment. In one issue to this court, Stovall contends the trial court erred in granting Mohler's motion for summary judgment.

## STANDARD OF REVIEW

Whether an order grants or denies a motion for summary judgment, we apply the same *de novo* standard of review on appeal. *American Broadcasting Companies, Inc. v. Gill,* 6 S.W.3d 19, 27 (Tex. App.-San Antonio 1999, pet. denied). We will uphold a summary judgment only if the record establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *See* TEX.R. CIV. P. 166a(c); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). If the trial court's judgment does not specify the grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories advanced are meritorious. *See Bradley v. State,* 990 S.W.2d 245, 247 (Tex. 1999); *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

A defendant who conclusively establishes all the elements of an affirmative defense is entitled to summary judgment. *Cathey,* 900 S.W.2d at 341. Once a movant establishes its right to summary judgment on the basis of an affirmative defense, the non-movant must respond with reasons for avoiding summary judgment and must support those reasons with proof sufficient to raise a fact issue. *Deaver v. Bridges,* 47 S.W.3d 549, 551 (Tex.App.-San Antonio 2000, no pet.); *Brooks v. Center for Healthcare Srvs.,* 981 S.W.2d 279, 281 (Tex.App.-San Antonio 1998, no pet.). If the non-movant responds with proof of a basis for avoiding the movant's affirmative defense, the movant then has the burden to negate the plaintiff's ground for avoidance as a matter of law. *See id.* However, a non-movant need not file an answer or response to a motion for summary judgment "to contend on appeal that the grounds expressly stated to the trial court by the movant are insufficient as a matter of law to support the summary judgment." *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 674 (Tex.1979).

## LIMITATIONS

On rehearing Stovall argues that this court erred in affirming the order of summary judgment in favor of Mohler by holding that section 93 precluded her application to probate the two wills. Stovall strictly contends that the plain language of section 93 only applies to a will contest and her alternative application is not a contest to a will. In fact, Stovall believes that section 93 is inapplicable because the 1993 will was never admitted to probate because it was found to be a forgery. Therefore, the 1993 will did not exist at the time Stovall attempted to probate the 1986 and 1989 wills. For the reasons stated below, we must disagree with Stovall and hold that Section 93 precludes Stovall's applica-

tion of the 1989 will as a matter of law.[1]

■ The Texas Probate Code states:

*After a will has been admitted to probate,* any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that incapacitated persons shall have two years after the removal of their disabilities within which to institute such contest.

TEX. PROB.CODE ANN. § 93 (Vernon Supp. 2001) (emphasis added). This statute of limitations applies to those cases where an earlier will is sought to be probated over later wills. *See Klein v. Dimock,* 705 S.W.2d 405, 407 (Tex.App.-Fort Worth 1986, writ ref'd n.r.e). In *Klein,* A.L. Klein and his wife executed a joint and mutual will in 1961 wherein the survivor inherited the entire estate and upon the survivor's death the remainder of the estate would pass to their grandsons if the grandsons were living at that time. After the death of his wife, Klein probated the 1961 will. In 1981, he executed a will revoking the 1961 joint will. Under this will, his grandsons would receive a lesser share of the Klein estate. Klein died in 1981. An order admitting the 1981 will into probate was entered that year. In 1984, the grandsons filed a renewed application to probate the 1961 will and to contest the probate of the 1981 will. The grandsons attempted to set aside the 1981 will by attempting to admit the 1961 will. The court held that this was a direct attack on the 1981 will for purposes of section 93 because the purpose of the probate of an earlier will is an attempt to alter the order for the subsequent will. *Id.*

Like the grandsons in *Klein,* Stovall contends that the probate court misapplied section 93 in this matter. Pivotal to her argument is that the jury's finding that the 1993 will was a forgery negated its admission to probate. In her briefs and in oral argument, Stovall relies heavily on the case of *A & M College of Texas v. Guinn,* 280 S.W.2d 373, 377 (Tex.Civ.App.-Austin 1955, writ ref'd n.r.e.), to support the proposition that she is not attempting to directly attack the judgment and that section 93 is inapplicable as a matter of law.[2]

■ The facts of *Guinn* are somewhat convoluted. Appellants, beneficiaries un-

---

1. We note that we are concerned only with the 1989 will. The 1989 will specifically revokes all prior wills. *See* TEX. PROB.CODE ANN. § 63 (Vernon 1980). Therefore, the 1986 will does not affect our analysis.

2. Stovall also relies on the case of *Estate of Morris,* 577 S.W.2d 748 (Tex.Civ.App.-Amarillo 1979, writ ref'd n.r.e.). We find that case to be distinguishable from the instant matter and therefore not dispositive of whether Section 93 applies to the instant matter. In *Morris,* the decedent's daughter attempted to probate a later will (1968) which specifically revoked all prior wills. Prior to this attempt, the decedent's husband offered for probate a 1965 will of the decedent. That will was ultimately admitted into probate. Defining a

"direct attack" as an attempt to change the decree in a proceeding brought for that specific purpose, the court held that the daughter's action was not subject to the two-year limitation because the alternative application did not constitute a "direct attack" on the 1965 will. *Id.* at 752. Instead, the court explained that the daughter's action was to secure the probate of the 1968 will. *Id.* The court reasoned that the admission of a prior will to probate interposes no obstacle to the timely probate of a later will which revokes all prior wills as the last will of the testator. *Id.* The probate of the last known will has the incidental effect of revoking the probate of an earlier will. *Id.* We do not have the same scenario here.

der the decedent's will, appealed the dismissal of their appeal from the county court to the district court of Irion County, Texas for lack of subject matter jurisdiction. The decedent died on December 12, 1950. Under cause number 218, the decedent's will was admitted to probate in the county court at law of Irion County, Texas on February 16, 1951. The order admitting the will to probate was then set aside on March 2, 1951 upon appellees' motion. Appellees were the widow and children of the decedent. Appellants subsequently requested that the March 2nd order be set aside. When this request was denied, appellants filed a petition for writ of certiorari in the district court of Irion County and sought a trial in district court to vacate the March 2nd order in cause number 218. The district judge in that lawsuit found that the March 2nd order was null and void. Meanwhile, a third lawsuit, cause number 219, was subsequently filed in the county court at law of Irion County by appellees to keep the March 2nd order and to contest the will. The county court entered an order sustaining the contest filed by appellees. An appeal was taken to the district court of Irion County as cause number 676. The district court entered an order dismissing the appeal from the county court on the grounds that it had no jurisdiction over the subject matter of the appeal. The basis of the ruling was that the will had never been probated or denied probate by the county court. The court of appeals affirmed the judgment of the district court and held, in part, that the March 2nd order of the county court was essentially a motion for new trial. *Id.* at 377. The court held that the will in question had never been probated given the fact that the order admitting it to probate had been set aside. *Id.* Having never been probated, there was no basis for a suit under article 5534 and the trial court below was not in error in holding it was

without jurisdiction to entertain the suit. *Id.*

While we agree that *Guinn* stands for the proposition that a will contest is a direct attack upon a decree admitting a will to probate, we do not conclude it is dispositive of whether section 93 precludes Stovall's application for probate of an earlier will. In *Guinn*, there was an order specifically setting aside an order admitting the will to probate. Such circumstances do not exist in this case. Without citing to specific authority, caselaw or otherwise, Stovall asks this court to hold that the admission of a will into probate is negated by a subsequent finding that such will is a forgery. We find no authority supporting such a proposition. We do find, however, that such a conclusion would run against general principles of what it means to *admit* a will to probate.

■ A judgment admitting an instrument to probate as a will fixes and confirms the rights of those who are named as devisees and legatees and for those who take under them. *See Steele v. Renn,* 50 Tex. 467 (1878) (holding the action of a trial court annulling a will and probate could not prejudice a defendant who was an innocent purchaser without notice of land devised under a will). A judgment admitting a propounded instrument conclusively determines the status of the subject matter of the proceedings. *See Seydler v. Baumgarten,* 294 S.W.2d 467, 476–77 (Tex.Civ.App.-Galveston 1956, writ ref'd n.r.e.) (stating the admission of a will to probate be accorded an administrative assumption); *Bell v. Bell,* 248 S.W.2d 978, 982 (Tex.Civ.App.-Amarillo 1952, writ ref'd n.r.e) (stating proponents to admit will have the burden of complying with all the legal formalities and then establishing the necessary prerequisite of validity). A will needs to be admitted in order for it to ultimately be determined valid or not.

Therefore, notwithstanding the fact that Rose's 1993 will was found to be a forgery, such finding does not negate the fact that the will was initially *admitted* to probate. Section 93 specifically applies to those situations "after a will has been admitted to probate." No one claims that the 1993 will was not admitted to probate. Nor is there evidence that the order admitting the will to probate was set aside. Given the clear language of the statute, we have no choice but to hold that section 93 applies to the instant circumstances. *See Klein,* 705 S.W.2d at 410.

The record reflects that the 1993 will was ordered probated on March 24, 1997. Under section 93, the two-year limitations period ran out on March 24, 1999. Stovall did not file her alternative application of the 1989 will until May 3, 2000. Therefore, her application was facially barred by the two-year statute of limitations under section 93. *See Klein,* 705 S.W.2d at 408. We hold that the probate court did not err in granting summary judgment on limitations as encompassed under section 93.

CONCLUSION

 We hold that section 93 of the Texas Probate Code applies to those situations where a party attempts to probate an earlier will after a later will has been admitted to probate. Stovall is barred as a matter of law from filing her alternative application to probate the 1989 and 1986 wills by section 93 of the Texas Probate Code. Because the judgment is affirmed on this grounds, we need not reach Stovall's other issues. The judgment of the probate court is affirmed.

Concurring opinion by: PAUL W. GREEN, Justice.

Concurring opinion by: PAUL W. GREEN, Justice.

The majority affirms the judgment of the trial court on limitations grounds. I concur in the result, but would affirm instead on the basis that the underlying 1999 judgment, declaring the 1993 will a forgery and that Martin Rose, Jr. died intestate, is *res judicata* of Stovall's claim. That judgment incorporated jury findings that the 1986 and 1989 wills had been revoked, and the judgment has not been revoked, and the judgment has not been appealed or otherwise set aside.

A probate proceeding is an action *in rem* and is binding on the world. *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex.1981). And insofar as the world is concerned, Martin Rose, Jr. died intestate. Without setting aside the 1999 judgment, Stovall's claim is barred.