COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN THE ESTATE OF WILLIAM HARDY
ROGERS, DECEASED.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00249-CV



Appeal from the


Probate Court Number Two


of El Paso County, Texas


(TC# 2006-P01033)


O P I N I O N


 Appellants appeal the trial court's determination that their applications to set aside the order
granting independent administration and to file a copy of a will, and their cause of action for breach
of fiduciary duty, fraud, and civil conspiracy were not timely filed within the applicable probate
limitations period. We affirm.

BACKGROUND


 Following William Rogers' death on August 31, 2006, Appellees, Melissa O'Rourke
(Rogers' common-law wife), Dorothy Brock (Rogers' sister), and Joseph Rogers (Rogers' brother),
filed an application for determination of heirship and appointment of independent co-administrators
on October 3, 2006. The trial court appointed an attorney ad litem to represent any unknown heirs,
and on November 6, 2006, it heard evidence on the parties' application. The trial court then
determined that Rogers died intestate and entered a judgment declaring heirship to O'Rourke, Brock,
and Rogers, and an order granting the application for independent co-administration. On June 5,
2007, the trial court approved the co-administrators' inventory, appraisement, and list of claims.

 Subsequently, on March 20, 2009, Appellants, Bob Carter, Barbara Carvajal, Jane Hackett,
and Lee Ann Sullivan (friends of the deceased), not only filed an application to set aside the order
granting independent administration, but also to probate a copy of a written will executed in 1999,
and to issue letters testamentary. They also filed a cause of action for breach of fiduciary duty, fraud,
and civil conspiracy, alleging the co-administrators failed to disclose Rogers' written will. After
denying the allegations, Appellees moved for summary judgment, claiming that Appellants'
applications and causes of action constituted attacks on the probate court's judgment and were, in
essence, bills of review that were brought outside the two-year limitations period for challenging
heirship determinations. Appellants responded that Section 73(a) of the Probate Code, which
provides for the filing of a will within four years of the death of the testator, and Section 16.004(a)
of the Civil Practices and Remedies Code, which allows for causes of action based on fraud to be
brought within four years, conflicts with Section 31 of the Probate Code, which sets out a two-year
limitation for attacking judgments in the probate court. Compare Tex. Prob. Code Ann. § 73(a)
(Vernon 2003) (providing that no will shall be admitted to probate after four years from the death
of the testator) and Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a) (Vernon 2002) (providing that
a person must bring suit for fraud and breach of fiduciary duty within four years from the day the
cause of action accrues), with Tex. Prob. Code Ann. § 31 (Vernon 2003) (providing that a person
must file a bill of review attacking a probate judgment or order within two years from the date of the
decision). After a hearing, the trial court entered summary judgment in favor of Appellees and
dismissed Appellants' applications and causes of action.

DISCUSSION

 In a single issue on appeal, Appellants contest the trial court's summary judgment order,
contending that their application to set aside the order granting independent administration and to
file a copy of the will was timely filed in accordance with Section 73(a) of the Probate Code, despite
Section 31's requirement that they were required to challenge the trial court's determination of
heirship within two years. (1) We disagree.

 We review summary judgments de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656,
661 (Tex. 2005). Summary judgment is proper only when a movant establishes that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). In reviewing a summary judgment, we indulge every reasonable inference in
favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts
in favor of the nonmovant. Valence Operating Co., 164 S.W.3d at 661.

 Section 73(a) of the Probate Code generally provides that a will shall not be admitted to
probate after four years from the death of the testator. See Tex. Prob. Code Ann. § 73(a). 
However, Section 73 does not address situations where, as here, a final judgment has been entered
declaring heirship following the death of an individual. When a trial court enters an order
determining heirship, it is a final judgment that may be appealed or reviewed within the same time
limits and in the same manner as any other judgments in probate matters. See Tex. Prob. Code
Ann. § 54 (Vernon 2003); Tex. Prob. Code Ann. § 55(a) (Vernon 2003). When the appellate
deadlines have expired, an interested person may still attack that judgment by bill of review. See
Tex. Prob. Code Ann. § 31. However, Section 31 of the Probate Code limits the time for filing that
bill of review to two years from the date of the judgment. Id. Thus, Sections 31 and 55(a) seem to
act as statutes of repose in the situation before us, limiting the time in which Appellants may bring
their causes of action after the trial court determined heirship and extinguishing any causes of action
after that passage of time even though it might not have yet accrued. See Galbraith Engineering
Consultants, Inc. v. Pochucha, 290 S.W.3d 863, 866 (Tex. 2009) (generally discussing statutes of
repose).

 Nevertheless, Appellants rely on Estate of Morris, 577 S.W.2d 748 (Tex. Civ. App. -
Amarillo 1979, writ ref'd n.r.e.), to argue that a will should always be admitted to probate in
accordance with Section 73(a) regardless of any judgments previously entered by a court so long as
the will is filed within the requisite four years. We decline to read Morris so broadly.

 In Morris, the testatrix died April 1, 1975. Id. at 751. She had executed a 1965 will leaving
her property to her surviving husband, the named independent executor, who offered the will for
probate, and on April 29, 1975, an order was entered admitting the 1965 will to probate. Id. Two
years and five months later, the testatrix's daughter filed an application for probate of a 1968 will
that contained a clause revoking all prior wills. Id. In response, the executor of the 1965 will argued
that the two-year statute of limitations for will contests barred the probate of the 1968 will. Id. 
However, the Amarillo Court of Civil Appeals found the daughter's action was not a direct attack
on the 1965 will as the later will's revocation clause automatically revoked the prior will. Id. at 752. 
Applying settled law, the court reasoned that the timely application for probate of a subsequent will
containing a revocation clause within four years from the death of the testator is neither a contest of
the validity nor barred by the probate of an earlier will "because the probate of the last will, revoking
all others, has the incidental effect of revoking the former probate, whether there is any pleading to
that effect or not." Id. (citing Vance v. Upson, 64 Tex. 266, 268-71 (1885)). Therefore, the court
reasoned that the 1968 will was not foreclosed by the two-year statute of limitations for will contests.
 Id.

 Our case, however, does not involve an application to probate a second will that contains a
revocation clause. Rather, Appellants' pleadings seek to set aside an earlier judgment that
determined heirship so that they may probate the written will. As that earlier judgment was final,
see Tex. Prob. Code Ann. § 55, Appellants' actions constituted a direct attack on the trial court's
previous judgment. See, e.g., Stovall v. Mohler, 100 S.W.3d 424, 428-29 (Tex. App. - San Antonio
2002, pet. denied); Klein v. Dimock, 705 S.W.2d 405, 407 (Tex. App. - Fort Worth 1986, writ ref'd
n.r.e.) (cases determining that admission of will to probate fixed the rights of the parties such that
any subsequent admission of another, earlier will to probate was a direct attack and needed to be
brought within two years). Thus, Appellants were required to file their pleadings within two years
of the order determining heirship. See Tex. Prob. Code Ann. § 31. Because they failed to do so,
their applications are time barred. Accordingly, the trial court did not err in granting summary
judgment in favor of Appellees, and we overrule Appellants' sole issue. (2)

CONCLUSION

 Having overruled Appellants' sole issue, we affirm the trial court's judgment.

 GUADALUPE RIVERA, Justice


July 28, 2010


Before Chew, C.J., McClure, and Rivera, JJ.

1. Appellants also contest the trial court's ruling that they were required to bring their cause of action for
breach of fiduciary duty, fraud, and civil conspiracy within Section 31's two-year limitation period, despite the four-year limitation period contained in Section 16.004 of the Civil Practices and Remedies Code. Compare Tex. Prob.
Code Ann. § 31, with Tex. Civ. Prac. & Rem. Code Ann. § 16.004. According to Appellants, Section 16.004
trumps the limitations period in Section 31. However, Appellants cite no authority for their proposition, and their
argument merely consists of two conclusory sentences with a general citation to Section 16.004. Having engaged in
no legal argument, analysis, or discussion, and having failed to cite to any authorities akin to their position,
Appellants' argument is inadequately briefed, and we decline to address it. See Tex. R. App. P. 38.1(h); Kupchynsky
v. Nardiello, 230 S.W.3d 685, 692 (Tex. App. - Dallas 2007, pet. denied) (issue inadequately briefed when party
gave general cite to one case stating elements of cause of action and provided no argument); Sterling v. Alexander,
99 S.W.3d 793, 799 (Tex. App. - Houston [14th Dist.] 2003, pet. denied) (issue inadequately briefed when party
failed to cite any authority and to make a cogent argument).
2. Appellees interpret Appellants' challenge to the trial court's judgment as a statutory and equitable bill of
review, setting out the elements for both in their brief. However, at trial and on appeal, Appellants restricted their
argument to Section 31 of the Probate Code; therefore, we interpret Appellants' pleadings as a statutory bill-of-review challenge only.