COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

<table>
<tr><td></td><td>§</td><td></td></tr>
<tr><td></td><td></td><td>No. 08-09-00249-CV</td></tr>
<tr><td>IN THE ESTATE OF WILLIAM HARDY<br>ROGERS, DECEASED.</td><td>§</td><td></td></tr>
<tr><td></td><td></td><td>Appeal from the</td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td></td><td></td><td>Probate Court Number Two</td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td></td><td></td><td>of El Paso County, Texas</td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td></td><td></td><td>(TC# 2006-P01033)</td></tr>
<tr><td></td><td>§</td><td></td></tr>
</table>

**O P I N I O N**

Appellants appeal the trial court's determination that their applications to set aside the order granting independent administration and to file a copy of a will, and their cause of action for breach of fiduciary duty, fraud, and civil conspiracy were not timely filed within the applicable probate limitations period. We affirm.

**BACKGROUND**

Following William Rogers' death on August 31, 2006, Appellees, Melissa O'Rourke (Rogers' common-law wife), Dorothy Brock (Rogers' sister), and Joseph Rogers (Rogers' brother), filed an application for determination of heirship and appointment of independent co-administrators on October 3, 2006. The trial court appointed an attorney ad litem to represent any unknown heirs, and on November 6, 2006, it heard evidence on the parties' application. The trial court then determined that Rogers died intestate and entered a judgment declaring heirship to O'Rourke, Brock, and Rogers, and an order granting the application for independent co-administration. On June 5, 2007, the trial court approved the co-administrators' inventory, appraisement, and list of claims.

Subsequently, on March 20, 2009, Appellants, Bob Carter, Barbara Carvajal, Jane Hackett,

and Lee Ann Sullivan (friends of the deceased), not only filed an application to set aside the order granting independent administration, but also to probate a copy of a written will executed in 1999, and to issue letters testamentary. They also filed a cause of action for breach of fiduciary duty, fraud, and civil conspiracy, alleging the co-administrators failed to disclose Rogers' written will. After denying the allegations, Appellees moved for summary judgment, claiming that Appellants' applications and causes of action constituted attacks on the probate court's judgment and were, in essence, bills of review that were brought outside the two-year limitations period for challenging heirship determinations. Appellants responded that Section 73(a) of the Probate Code, which provides for the filing of a will within four years of the death of the testator, and Section 16.004(a) of the Civil Practices and Remedies Code, which allows for causes of action based on fraud to be brought within four years, conflicts with Section 31 of the Probate Code, which sets out a two-year limitation for attacking judgments in the probate court. *Compare* TEX. PROB. CODE ANN. § 73(a) (Vernon 2003) (providing that no will shall be admitted to probate after four years from the death of the testator) *and* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a) (Vernon 2002) (providing that a person must bring suit for fraud and breach of fiduciary duty within four years from the day the cause of action accrues), *with* TEX. PROB. CODE ANN. § 31 (Vernon 2003) (providing that a person must file a bill of review attacking a probate judgment or order within two years from the date of the decision). After a hearing, the trial court entered summary judgment in favor of Appellees and dismissed Appellants' applications and causes of action.

## DISCUSSION

In a single issue on appeal, Appellants contest the trial court's summary judgment order, contending that their application to set aside the order granting independent administration and to

2

file a copy of the will was timely filed in accordance with Section 73(a) of the Probate Code, despite Section 31's requirement that they were required to challenge the trial court's determination of heirship within two years.[1]  We disagree.

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c).  In reviewing a summary judgment, we indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts in favor of the nonmovant.  *Valence Operating Co.*, 164 S.W.3d at 661.

Section 73(a) of the Probate Code generally provides that a will shall not be admitted to probate after four years from the death of the testator.  *See* TEX. PROB. CODE ANN. § 73(a).  However, Section 73 does not address situations where, as here, a final judgment has been entered declaring heirship following the death of an individual.  When a trial court enters an order determining heirship, it is a final judgment that may be appealed or reviewed within the same time limits and in the same manner as any other judgments in probate matters.  *See* TEX. PROB. CODE ANN. § 54 (Vernon 2003); TEX. PROB. CODE ANN. § 55(a) (Vernon 2003).  When the appellate

---

[1]  Appellants also contest the trial court's ruling that they were required to bring their cause of action for breach of fiduciary duty, fraud, and civil conspiracy within Section 31's two-year limitation period, despite the four-year limitation period contained in Section 16.004 of the Civil Practices and Remedies Code.  *Compare* TEX. PROB. CODE ANN. § 31, *with* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.  According to Appellants, Section 16.004 trumps the limitations period in Section 31.  However, Appellants cite no authority for their proposition, and their argument merely consists of two conclusory sentences with a general citation to Section 16.004.  Having engaged in no legal argument, analysis, or discussion, and having failed to cite to any authorities akin to their position, Appellants' argument is inadequately briefed, and we decline to address it.  *See* TEX. R. APP. P. 38.1(h); *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App. – Dallas 2007, pet. denied) (issue inadequately briefed when party gave general cite to one case stating elements of cause of action and provided no argument); *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App. – Houston [14th Dist.] 2003, pet. denied) (issue inadequately briefed when party failed to cite any authority and to make a cogent argument).

3

deadlines have expired, an interested person may still attack that judgment by bill of review. *See* TEX. PROB. CODE ANN. § 31. However, Section 31 of the Probate Code limits the time for filing that bill of review to two years from the date of the judgment. *Id*. Thus, Sections 31 and 55(a) seem to act as statutes of repose in the situation before us, limiting the time in which Appellants may bring their causes of action after the trial court determined heirship and extinguishing any causes of action after that passage of time even though it might not have yet accrued. *See Galbraith Engineering Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009) (generally discussing statutes of repose).

Nevertheless, Appellants rely on *Estate of Morris*, 577 S.W.2d 748 (Tex. Civ. App. – Amarillo 1979, writ ref'd n.r.e.), to argue that a will should always be admitted to probate in accordance with Section 73(a) regardless of any judgments previously entered by a court so long as the will is filed within the requisite four years. We decline to read *Morris* so broadly.

In *Morris*, the testatrix died April 1, 1975. *Id*. at 751. She had executed a 1965 will leaving her property to her surviving husband, the named independent executor, who offered the will for probate, and on April 29, 1975, an order was entered admitting the 1965 will to probate. *Id*. Two years and five months later, the testatrix's daughter filed an application for probate of a 1968 will that contained a clause revoking all prior wills. *Id*. In response, the executor of the 1965 will argued that the two-year statute of limitations for will contests barred the probate of the 1968 will. *Id*. However, the Amarillo Court of Civil Appeals found the daughter's action was not a direct attack on the 1965 will as the later will's revocation clause automatically revoked the prior will. *Id*. at 752. Applying settled law, the court reasoned that the timely application for probate of a subsequent will containing a revocation clause within four years from the death of the testator is neither a contest of

4

the validity nor barred by the probate of an earlier will "because the probate of the last will, revoking all others, has the incidental effect of revoking the former probate, whether there is any pleading to that effect or not." *Id*. (citing *Vance v. Upson*, 64 Tex. 266, 268-71 (1885)). Therefore, the court reasoned that the 1968 will was not foreclosed by the two-year statute of limitations for will contests. *Id*.

Our case, however, does not involve an application to probate a second will that contains a revocation clause. Rather, Appellants' pleadings seek to set aside an earlier judgment that determined heirship so that they may probate the written will. As that earlier judgment was final, *see* TEX. PROB. CODE ANN. § 55, Appellants' actions constituted a direct attack on the trial court's previous judgment. *See, e.g., Stovall v. Mohler*, 100 S.W.3d 424, 428-29 (Tex. App. – San Antonio 2002, pet. denied); *Klein v. Dimock*, 705 S.W.2d 405, 407 (Tex. App. – Fort Worth 1986, writ ref'd n.r.e.) (cases determining that admission of will to probate fixed the rights of the parties such that any subsequent admission of another, earlier will to probate was a direct attack and needed to be brought within two years). Thus, Appellants were required to file their pleadings within two years of the order determining heirship. *See* TEX. PROB. CODE ANN. § 31. Because they failed to do so, their applications are time barred. Accordingly, the trial court did not err in granting summary judgment in favor of Appellees, and we overrule Appellants' sole issue.[2]

## CONCLUSION

Having overruled Appellants' sole issue, we affirm the trial court's judgment.

---

[2] Appellees interpret Appellants' challenge to the trial court's judgment as a statutory and equitable bill of review, setting out the elements for both in their brief. However, at trial and on appeal, Appellants restricted their argument to Section 31 of the Probate Code; therefore, we interpret Appellants' pleadings as a statutory bill-of-review challenge only.

GUADALUPE RIVERA, Justice

July 28, 2010

Before Chew, C.J., McClure, and Rivera, JJ.