ACCEPTED
01-14-01029-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/17/2015 12:00:49 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01029-CV

_____

IN THE

COURT OF APPEALS

FOR THE

FIRST  SUPREME JUDICIAL DISTRICT OF TEXAS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/17/2015 12:00:49 PM

CHRISTOPHER A. PRINE
Clerk

_____

TARRIS WOODS, Appellant

v.

SANDRA T. KENNER AND CHARLES E.  TWYMON, JR., Appellees

_____

On Appeal from the Probate Court
of Galveston County, Texas
Cause No. PR-0073664

_____

BRIEF FOR APPELLEES,
Sandra T. Kenner and Charles E.  Twymon, Jr.

_____

Thomas W McQuage
State Bar No.  13849400
PO Box 16894
Galveston, Texas  77552
(409) 762-1104
(409) 762-4005 (FAX)
mcquage@swbell.net
ATTORNEY FOR APPELLEES

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

PAGE

LIST OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . 2

ISSUES ON APPEAL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REGARDING APPELLANT'S FIRST ISSUE:
The denial of special exceptions was proper.

REGARDING APPELLANT'S SECOND ISSUE:
The  trial court granted a bill review under Texas Estates Code §55.251,
upon a showing of error.

REGARDING APPELLANT'S THIRD AND FOURTH  ISSUES:
The trial court did not remove an executor.

GENERAL FACT STATEMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT AND AUTHORITIES... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

REGARDING APPELLEE'S FIRST ISSUE
The denial of special exceptions.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
A.  The Failure to Timely File.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
B.   The trial court's power to establish and maintain a pre-trial schedule. . . . . . 6
C. No error in denying the special exceptions. . . . . . . . . . . . . . . . . . . . . . . 7

REGARDING APPELLANT'S SECOND ISSUE
(Bill of review under Tex. Estates Code §55.251 and Tex. Probate Code §31). . 10

REGARDING APPELLANT'S THIRD AND FOURTH  ISSUES
The trial court did not remove an executor.. . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION AND PRAYER FOR RELIEF... . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF WORD COUNT .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## LIST OF AUTHORITIES

<u>CASES</u>

<u>PAGE</u>

Brooks v. Hous. Auth. of City of El Paso, 926 S.W.2d 316 (Tex. App.—
El Paso 1996, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Buck v. Estate of Buck, 291 S.W.3d 46 (Tex. App.—Corpus Christi
2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Chavez v. Chavez, No. 01-13-00727 (Tex. App.— Houston [1st Dist.,
October 21, 2014, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Clanton v. Clark, 639 S.W.2d 929 (Tex. 1982) . . . . . . . . . . . . . . . . . . . 6

Dow Chem. Co. v. Francis, 46 S.W.3d 237 (Tex. 2001) . . . . . . . . . . . . . . . . . . . 6

Estate of J. W. Tyner, 292 S.W.3d 179 (Tex. App.— Tyler 2009, no pet.). . . . . . 5

Hanners v. State Bar, 860 S.W.2d 903 (Tex. App.– Dallas 1993, no writ) . . . . . . 4

In re F K. W., No. 12-14-00327-CV (Tex. App.–Tyler,
February 27, 2015, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

In re Estate of Rogers, 322 S.W.3d 361 (Tex. App.— El Paso 2010, no pet.) . . . 10

Jones v. Parker, 3 S.W. 222 (Tex. 1886) . . . . . . . . . . . . . . . . . . . . . . . . 9

Lindley v. Johnson, 936 S.W.2d 53 (Tex. App.— Tyler 1996, writ denied) . . . 6, 7

Marsh v. Livingston, No. 14-09-00011-CV (Tex. App.– Houston
[14th Dist.]April 22, 2010, pet denied . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

McAllister v. Samuels, 857 S.W.2d 768 (Tex. App.—Houston
[14th Dist.] 1993, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

McDonald v. Carroll, 783 S.W.2d 286 (Tex. App.—Dallas 1989, writ denied). . 8

Nadolney v. Taub, 116 S.W.3d 273 (Tex. App.— Houston
[14th Dist.] 2003, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Norton v. Cheney, 161 S.W.2d 73 (Tex. 1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Parker v. Barfield, 206 S. W. 3d 119 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 5

R.I.O. Sys., Inc. v. Union Carbide Corp., 780 S.W.2d 489 (Tex. App.–
Corpus Christi 1989, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Valdez v. Hollenbeck, 13-0709 (Tex., June 12, 2015) . . . . . . . . . . . . . . . . . . . 8, 10

STATUTES

Tex. Estates Code §55.251 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7, 8, 10

Tex. Probate Code §31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7, 10

RULES

Tex. R. App. P. 39.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. Civ. P. 63 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. R. Civ. P. 166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

No. 01-14-01029-CV

_____

IN THE

COURT OF APPEALS

FOR THE

FIRST SUPREME JUDICIAL DISTRICT OF TEXAS

HOUSTON, TEXAS

_____

TARRIS WOODS, Appellant
v.
SANDRA T. KENNER AND CHARLES E. TWYMON, JR., Appellees

_____

On Appeal from the Probate Court
of Galveston County, Texas
Cause No. PR-0073664

_____

BRIEF FOR APPELLEES,
Sandra T. Kenner and Charles E. Twymon, Jr.

_____

TO THE HONORABLE COURT OF APPEALS:

Sandra T. Kenner and Charles E. Twymon, Jr., Appellees, submit this their brief on appeal from Probate Court of Galveston County, Texas, the Honorable Kimberly Sullivan, Judge Presiding, in its Cause No. PR-0073664.

References are made to the Clerk's record as "(Cl. R.___)," followed by its page number. The individual parties are referred to by their surnames, and the "Appellees" and the "Decedent" as such.

-1-

## STATEMENT OF THE CASE

Mr. Woods' brief seems to characterize this case as if it were a civil suit between individual parties, and then as if the case were about the removal of an executor. This case is reeally an appeal from an order granting a statutory bill of review to set aside a judgment declaring heirship, pursuant to Tex. Estates Code §55.251 (formerly Tex. Probate Code §31).

## STATEMENT REGARDING ORAL ARGUMENT

The appellees have placed a request for oral argument on the cover page of their brief only to preserve their right to present argument, and because the Appellant has done so. Appellees do not believe that the Court should invest its resources in oral argument in this case for all of the reasons itemized in Tex. R. App. P. 39.1.

## ISSUES ON APPEAL

REGARDING APPELLANT'S FIRST ISSUE:

The denial of special exceptions was proper.

REGARDING APPELLANT'S SECOND ISSUE:

The trial court granted a bill review under Tex. Estates Code §55.251 and Tex. Probate Code §31, upon a showing of error.

REGARDING APPELLANT'S THIRD AND FOURTH ISSUES:

The trial court did not remove an executor.

## GENERAL FACT STATEMENT

On July 30, 2014, the Appellees' filed their Application to Correct Error in the judgment declaring heirship in this case. That application was based on the fact that the Decedent did not die intestate, and incorporated the allegations of their application to admit a copy of the Decedent's Will to probate. (Cl. R. 62). The application to probate the Decedent's Will and the Application to Correct Error in the judgment declaring heirship were set for hearing on October 27, 2014. (Cl. R. 66).

Substantially after receiving notice of that hearing, but only four days before the hearing, Mr. Woods filed his special exceptions. (Cl. R. 67). Mr. Woods arranged for his special exceptions to be heard at the very date and time at which the trial court was to hear the merits of the Appellees' application to probate the Decedent's Will and to vacate the judgment declaring heirship. (Cl. R. 70).

## SUMMARY OF ARGUMENT

A party waives his right to assert special exceptions by not timely filing them and having them heard. Although the Texas Rules of Civil Procedure do not expressly state a deadline for the timely disposition of special exceptions, they do provide a deadline for the amendment of pleadings, which a favorable disposition of special exceptions would require. Mr. Woods did not file special exceptions in this case until after that deadline expired, and did not seek to have his special exceptions

-3-

heard until the commencement of trial, so he waived his right to complain that they were not granted. Moreover, the trial court's enforcement of its local rules pertaining to case management was well within its power to manage its docket.

Tex. Estates Code §55.251(formerly Tex. Probate Code §31) empowers the probate court to grant a timely filed bill of review and set aside a judgment upon a showing of error in that judgment. Appellees satisfied their burden to prove their entitlement to that relief by showing that the Decedent did not die intestate and having a copy of his Will admitted to probate, and by showing that they filed their application to correct error within two years after the date of that heirship judgment.

ARGUMENT AND AUTHORITIES

REGARDING APPELLEE'S FIRST ISSUE
(The denial of special exceptions)

A. The failure to timely file.

The party filing special exceptions has the burden to obtain a hearing to present its special exceptions to the trial court and obtain a ruling. Brooks v. Hous. Auth. of City of El Paso, 926 S.W.2d 316, 322 (Tex. App.—El Paso 1996, no writ), Hanners v. State Bar, 860 S.W.2d 903, 912 (Tex. App.– Dallas 1993, no writ), R.I.O. Sys., Inc. v. Union Carbide Corp., 780 S.W.2d 489, 490-491 (Tex. App.– Corpus Christi 1989, writ denied). Once the trial court sustains the special exceptions, if the defect is

curable, it must allow the pleader an opportunity to amend.  Parker v. Barfield, 206 S. W. 3d 119,120 (Tex. 2006).

In Estate of J. W. Tyner, 292 S.W.3d 179 (Tex. App.-Tyler 2009, no pet.), the respondent to a summary judgment motion specially excepted to the motion, but did not ask for or obtain a hearing before the summary judgment motion was heard. Since she had the burden to obtain a hearing to present her special exceptions to the trial court and obtain a ruling on them before it ruled on the summary judgment, she waved her complaint. Id., at 185. The same pattern was presented in McAllister v. Samuels, 857 S.W.2d 768 (Tex. App.—Houston [14th Dist.] 1993, no writ). There, the McAllisters filed special exceptions to a summary judgment motion on the same day they filed their response, but did not obtain a ruling prior to the summary judgment hearing. The failure to obtain a timely hearing and obtain a ruling waived any error. Id., at, 773.

So here, Mr. Woods had the obligation to obtain a timely hearing on his special exceptions. Presumably, that hearing would have been at least before the expiration of any applicable deadline to the Appellees' right to amend their pleadings, in response to any order granting the special exceptions. Under the Rules of Civil Procedure, that deadline would have been at least seven days prior to trial, or October 20, 2014. Tex. R. Civ. P. 63. Mr. Woods filed his special exceptions after that date,

on October 23, 2014. (Cl. R. 67). Instead of obtaining a hearing on the special exceptions prior to trial, Mr. Woods elected to have his special exceptions heard on the day of trial, so that the Appellees would have no opportunity to amend their pleadings if the special exceptions were granted. This strategy effectively waived any right to complain of the trial court's denial of the special exceptions.

B. The Trial Court's Power to Establish and Maintain a Pre-trial Schedule.

Tex. R. Civ. P. 166 empowers a trial court to establish pretrial schedules to govern the course of litigation. Marsh v. Livingston, No. 14-09-00011-CV (Tex. App.– Houston [14th Dist.]April 22, 2010, pet denied, Lindley v. Johnson, 936 S.W.2d 53, 55 (Tex. App.-Tyler 1996, writ denied). See also Dow Chem. Co. v. Francis, 46 S.W.3d 237, 240 (Tex. 2001) (a trial court has inherent power to control disposition of cases "with economy of time and effort for itself, for counsel, and for litigants."), and Clanton v. Clark, 639 S.W.2d 929, 931 (Tex. 1982)( "The trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. For this reason the court is given wide discretion in managing its docket, and we will not interfere with the exercise of that discretion absent a showing of clear abuse.").

Mr. Woods asserts that the trial court does not have the power to to modify any provision of the Texas Rules of Civil Procedure through the exercise of its power to manage its docket. Actually, just the opposite is true. When a trial court's pretrial

scheduling order changes the deadlines set forth in a procedural rule, the trial court's order prevails. In re F K. W., No. 12-14-00327-CV (Tex. App.–Tyler, February 27, 2015, pet. denied), Lindley v. Johnson, supra, and Marsh v. Livingston, supra. Accordingly, the trial court's power to establish a deadline for the disposition of special exceptions by local rule was well within its power, and does not present any reversible error in this case.

C. No error in denying the special exceptions.

Mr. Woods' special exceptions asserted that the case is governed by Tex. Probate Code §31, the predecessor to Tex. Estates Code §55.251. Then, said Mr. Woods, the applicants for bill review had failed to show any error in the heirship judgment, and failed to show any extrinsic fraud which would entitle them to a bill of review. (Cl. R. 67-68).

Tex. Probate Code §31 provided:

Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

-7-

<u>Tex. Estates Code</u> §55.251 says:

(a)    An interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable.

(b)    A bill of review to revise and correct an order or judgment may not be filed more than two years after the date of the order or judgment, as applicable.

Thus, the Estates Code seems to have carried forward the identical language which appeared in the Probate Code, with the exception of the deletion of the reference to staying the underlying order or judgment by means other than a writ of injunction, more than two years after the date of the decision. The Estates Code seems to have recognized this language as superfluous, by simply imposing a two-year limitation on the filing of the statutory bill of review. Mr. Woods certainly offers absolutely no authority, nor reasoned argument about how the virtually identical language of the two statutes somehow mean something not identical in substance.

Statutory bills of review are "more scarce" than equitable bills of review, "existing predominantly in the probate and guardianship contexts." <u>Valdez v. Hollenbeck</u>, 13-0709 (Tex., June 12, 2015). As the Supreme Court has so recently explained, the standard for obtaining equitable bills of review do not apply to

statutory bills of review. <u>Id.</u>, citing <u>Nadolney v. Taub</u>, 116 S.W.3d 273, 278 (Tex. App.-Houston [14th Dist.] 2003, pet. denied), <u>McDonald v. Carroll</u>, 783 S.W.2d 286, 288 (Tex. App.-Dallas 1989, writ denied), and <u>Norton v. Cheney</u>, 161 S.W.2d 73, 74 (Tex. 1942) (holding that standard for obtaining equitable bill of review did not apply to statutory bill of review in guardianship proceeding, citing <u>Jones v. Parker</u>, 3 S.W. 222, 224 (Tex. 1886)).

This Court's recent decision in <u>Chavez v. Chavez</u>, No. 01-13-00727 (Tex. App.- Houston [1st Dist., October 21, 2014, no pet.), is to the same effect, noting that its review of the denial of a statutory bill of review consists of determining whether an interested person timely filed the bill, and alleged and proved "substantial error" by the trial court. Another modern example is <u>Buck v. Estate of Buck</u>, 291 S.W.3d 46 (Tex. App.—Corpus Christi 2009, no pet.), expressly holding, "[a] statutory bill of review need not conform to the rules and is not limited by the restrictions of an equitable bill of review." <u>Id.</u>, at 53.

Mr. Woods' special exceptions fly in the face of what has been settled law since at least 1886, and reaffirmed by the Supreme Court in June of this year. Consequently, the special exceptions were properly denied on their merits.

REGARDING APPELLANT'S SECOND ISSUE:
(Bill of Review under Tex. Estates Code §55.251, or Tex. Probate Code §31)

For the reasons just stated, Mr. Woods atrociously misstates the law applicable to the proceeding below, when asserting that the Appellees had some obligation to prove "that the preceding judgment was a result of fraud, accident, or a wrongful act of the opposing party or official mistake unmixed with his own negligence." There is no such requirement for a bill review brought under the Texas Probate Code or the Texas Estates Code. The elements of the statutory bill of review are a showing of substantial error in the underlying judgment or order, and the filing of the bill of review within two years after that judgment or order were signed. Tex. Probate Code §31 and Tex. Estates Code §55.251, Valdez v. Hollenbeck, 13-0709 (Tex. June 12, 2015), and cases cited therein. Therefore, the trial court did not abuse its discretion in granting a statutory bill of review without proof of the elements of an equitable bill of review applicable in civil cases.

REGARDING APPELLANT'S THIRD AND FOURTH  ISSUES:
(The trial court did not remove an executor)

Mr. Woods devotes much of his brief to the law pertaining to the removal of personal representatives. However, he can point to no such action on the part of the trial court. No personal representative was removed. Rather, the judgment declaring heirship on which the appointment of a personal representative was based was set

aside on the ground of substantial error; i.e., that the Decedent did not die intestate. The Appellees proved they were entitled to this relief by having a copy of the Decedent's Will admitted to probate. See In re Estate of Rogers, 322 S.W.3d 361, 364 (Tex.App.-El Paso 2010, no pet.), characterizing a pleading to set aside a judgment declaring heirship so that a written Will can be probated as a form of statutory bill of review. The conduct of the individual heirs at law appointed to serve as the independent administrators of an intestate estate was totally inconsequential to the proceedings below.

CONCLUSION AND PRAYER

FOR THE REASONS STATED, Appellees, Sandra T. Kenner and Charles E. Twymon, Jr., pray that the judgment of the Galveston County Probate Court be affirmed.

Respectfully submitted,

/s/ Thomas W. McQuage
Thomas W. McQuage
Post Office Box 16894
Galveston, Texas 77552-6894
(409) 762-1104
(409)762-4005(FAX)
State Bar No. 13849400
mcquage@swbell.net
ATTORNEY FOR APPELLEES

-11-

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served in accordance with the Texas Rules of Civil Procedure on the 17th day of August, 2015, upon Douglas T. Godinich, through the Efile.TXCourts electronic service.

/s/ Thomas W. McQuage

## CERTIFICATE OF WORD COUNT

I certify that this brief contains a total of 3014 words.

/s/Thomas W.  McQuage