ACCEPTED
06-15-00039-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/18/2015 2:20:15 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00039-CV

\* \* \* \* \* \* \* \* \* \* \* \*

IN THE COURT OF APPEALS

SIXTH  APPELLATE  DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

9/18/2015 2:20:15 PM

DEBBIE AUTREY
Clerk

\* \* \* \* \* \* \*

IN THE INTEREST OF

T.N.L.

A CHILD

\* \* \* \* \* \* \*

Appealed from the 307TH Family District Court
Gregg County, Texas
Trial Court No. 2008-353-DR

_____

### BRIEF OF APPELLANT SAMUEL LANIER
_____

EBB B. MOBLEY
State Bar # 14238000
Attorney at Law
422 North Center Street-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone: (903) 757-3331
Facsimile: (903) 753-8289
ebbmob@aol.com


ATTORNEY FOR APPELLANT

APPELLANT REQUESTS ORAL ARGUMENT

# NO. 06-15-00039-CV

## IN THE INTEREST OF

## T.N.L.

## A CHILD

_____

## IDENTITY OF PARTIES AND COUNSEL
Pursuant to T.R.A.P. 38.1(a)
_____

| | | |
|---|---|---|
| Appellant: | SAMUEL LANIER<br>Father of T.N.L. | Marshall, Texas |
| Appellant's<br>trial counsel: | EBB B. MOBLEY<br>Attorney at Law | P. O. Box 2309<br>Longview, Texas 75606 |
| Appellant's<br>counsel on appeal | EBB B. MOBLEY<br>Attorney at Law | P. O. Box 2309<br>Longview, TX   75606 |
| Appellee: | CARLOS LANIER<br>Mother of T.N.L. | Longview, Texas |
| Appellee's trial<br>counsel: | JESSICA KROSCHER<br>Attorney at Law | P.O. Box 1228<br>Longview, Texas 75606 |
| Appellee's<br>counsel on appeal | JESSICA KROSCHER<br>Attorney at Law | P.O. Box 1228<br>Longview, Texas 75606 |
| Trial Judge: | TIM WOMACK<br>307th Family District Judge | 101 East Methvin, Suite 463<br>Longview, Texas 75601 |

# TABLE OF CONTENTS             Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . .1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-7

ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Did the trial court abuse his discretion by changing the actual, substantive division of the marital property as provided in the parties' prior divorce decree?

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-12

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

APPENDIX: ORDER ON SECOND AMENDED PETITION TO MODIFY AND FOR ENFORCEMENT AND/OR CLARIFICATION CR-106

## SCRIVENER'S NOTE

The parties are referred to as "Samuel", "the former husband", or "appellant", and "Carlos", "the former wife", or "appellee".

The residence in question at 2308 Nixson in Longview, Gregg County, Texas is referred to as "the house."

# INDEX OF AUTHORITIES

**Cases**

*Hagen v. Hagen,* 282 S.W.3d 899 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

*In Re Marriage of McDonald,* 118 S.W.3d 829, 831-833 (Tex.App. - Texarkana 2003, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Pearson v. Fillingim,* 322 S.W.3d 361 (Tex. 2011) . . . . . . . . . . . . . . . . . . . . . . . .12

*Schneider v. Schneider,* 5 S.W.3d 925, 929 (Tex.App. - Austin, 1999, no pet.) . . . .9

**Codes**

Family Code §9.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Family Code §9.006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Family Code §9.006(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Family Code §9.006(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Family Code §9.007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Family Code §9.007(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Family Code §9.008(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

All references to Texas statutes, rules, etc. are to the latest edition published by West Publishing Company, unless otherwise indicated.

## STATEMENT OF THE CASE

In a post-divorce proceeding, a former wife filed a petition to enforce or clarify a provision in the parties' 2008 divorce decree concerning the monthly house payment ordered paid by her former husband in lieu of child support and sale of that house once a child reached eighteen years of age. The trial court granted certain offsets and then awarded the house to the former wife. Former husband appeals this substantive change of distribution of property in the 2008 decree.

## STATEMENT OF FACTS

Two witnesses testified at a bench trial on January 28, 2015.

CARLOS RENEE LANIER

Carlos Renee Lanier testified that the parties were divorced on September 26, 2008 and that the decree was entered on November 17, 2008. 2 RR 6. CR-4-24. Carlos stated that she was asking the Court to require Samuel to make the house note on the residence at 2308 Nixon in Longview, Texas, pay the insurance premiums due on that residence, and pay the property taxes on the residence. 2 RR 7. Carlos testified that in the divorce decree, Samuel was ordered to make those payments in lieu of child support. Carlos further testified that she and Samuel were supposed to split equally any maintenance expense on the house over $500. She stated that an old air conditioning unit went out and she had to pay to have the unit repaired. 2 RR 8. She said that she paid $3,195 and that Samuel did not pay his one-half of the maintenance. 2 RR 9. Carlos testified that it was her understanding that per the divorce decree she was to live in the residence with her daughter and Samuel was to make the mortgage, property and tax payments on the residence during that time. She stated that she was the one who in fact made those payments. 2 RR 10. She said that she made the payments from February 2009 to December 2014. 2 RR 11. Carlos

stated that the divorce decree stated that if Samuel were to get a lump sum payment from social security, he would get a credit against whatever he owed for the mortgage payments. 2 RR 13. Carlos testified that she did get money from social security for her daughter T.N.L. 2 RR 14.

Carlos further testified that according to the decree, after her daughter T.N.L. turned eighteen, she and Samuel could either mutually agree to sell the residence or she could buy out Samuel's equity in the residence. She stated that she was asking the Court to allow her to buy out Samuel's equity and to offset whatever he owed her for back support and unpaid expenses against that equity. She stated that she got an appraisal on the house. 2 RR 16. Carlos testified that Samuel should have made mortgage payments from November 2008 through June 2014 and that total payments that Samuel should have paid would be $41,755. 2 RR 17. Carlos then asked the Court to give her credit for the $1,597.50 that Samuel should have paid for repairs to the air conditioner. Carlos also asked the Court to give Samuel credit for the $21,948 that Taylor received from the social security administration. She stated that the amount due after that credit was $21,405.12. She said that the appraised value on the house was approximately $69,000. 2 RR 18. The mortgage payoff through June 30th 2014 was $28,676.36. The total equity in the property would then have been $40,323.64. Carlos stated that if Samuel's one-half equity was subtracted from the amount he owed her then he would still owe $1,243.30. She testified that she was asking the court to give her the house as an offset against whatever Samuel owed. In the alternative Carlos said she was asking for a judgment $21,405.12. 2 RR 19.

Carlos further testified that she worked in home health care and cared for people in her home. She said that she drew $1,800 per month and had done so for

Page 5 of 13

two years. 2 RR 24. She stated that at the time of the divorce she was working for Skeeter Products and quit that job in August 2009. According to the divorce decree Samuel was supposed to get part of her pension benefit, but he did not. 2 RR 25. Carlos testified that she rolled over about $25,000 into an IRA. 2 RR 26. She stated that she still had the money. She stated that her older daughter had lived in the home after the divorce and that she did not ask anyone if that was a violation of the agreement that the occupancy of the home was to be exclusively her and the child Taylor. 2 RR 28.

SAMUEL D. LANIER

Samuel D. Lanier confirmed that as part of the divorce, in lieu of paying child support for Taylor Lanier, he was ordered to pay the house note, taxes on the property, and insurance premiums. He testified that he made cash payments to Carlos 2 RR 31. He said that Carlos called him on the Sundays before she made the payments and he gave her cash around $650 to cover the house payment and insurance payment. 2 RR 32. He said he would drive to the house and she would come out to the mailbox and he would give her the money. 2 RR 33.

Samuel stated that he did not owe Carlos one-half of the repairs for the air conditioner. He stated that before the divorce the air conditioner was going bad and that they remodeled the house and he gave her money for the air conditioner but she just kept adding Freon to it every year. 2 RR 40.

Samuel testified that he was a trucker for thirty years. Before and after the divorce he drew truck checks and cashed them and gave the cash to Carlos. 2 RR 42. He stated that he continued cashing those checks and giving Carlos that cash after the divorce up until the time he injured his rotator cuff. 2 RR 43. Samuel testified that

he wanted to sell the house.  2 RR 44.  Samuel stated that he guessed he last gave Carlos cash for the house around September 2010 or 2011 when he got injured. 2 RR 48.

The enforcement/clarification order was signed and filed on June 4, 2015.  CR-106.  Samuel requested findings of fact and conclusions of law.  CR-116,117.  Those findings and conclusions were signed by the trial judge on July 29, 2015.  CR-119.

Samuel appeals the judgment that awards the parties' marital residence to Carlos.  CR-106, Brief Appendix.

## ISSUE

Did the trial court abuse his discretion by changing the actual, substantive division of the marital property as provided in the parties prior divorce decree?

## SUMMARY OF THE ARGUMENT

The trial court's ruling in awarding the house to Carlos rather than ordering its sale as previously agreed amounts to a substantial alteration of the original property division.

# ARGUMENT

## PERTINENT STATUTES

Texas Family Code §9.006 provides:

(a) Except as provided by this subchapter and by the Texas Rules of Civil Procedure, the court may render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order.

(b) The court may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed.

(c) An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

Texas Family Code §9.007 provides:

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

(c) The power of the court to render further orders to assist in the implementation of or to clarify the property division is abated while an appellate proceeding is pending.

## STANDARD OF REVIEW

Under the Texas Family Code, the court that renders a divorce decree retains jurisdiction to clarify and enforce the property division within that decree. Tex. Fam.Code §§9.002. If a decree is ambiguous, that court can enter a clarification order. However, it is beyond the power of the court to "amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." Tex.Fam.Code §9.007(a).

A trial court's decision on a motion for enforcement or clarification is reviewed for an abuse of discretion and should be reversed if the court acted unreasonably, arbitrarily, or without reference to guiding rules and principles or acted outside the range of allowable options. *Schneider v. Schneider,* 5 S.W.3d 925, 929 (Tex.App. - Austin, 1999, no pet.). A court "may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed." Tex. Fam. Code §9.006(b). The court may render an order to enforce the original division of property and to "assist in the implementation of or to clarify the prior order," Tex.Fam.Code §9.006(a), or may issue a clarification order if the court finds that the original decree was not specific enough to be enforced by contempt, Tex.Fam.Code §9.008(b). However, an order to enforce or to clarify that modifies or changes the "actual, substantive division of property" in the divorce decree is beyond the court's authority. Tex.Fam.Code §9.007(a),(b) *In Re Marriage of McDonald,* 118 S.W.3d 829, 831-833 (Tex.App. - Texarkana 2003, pet. denied).

In the parties' Final Decree of Divorce the following provision at page 19 is at issue in this case:

***Use and Sale of Family Residence***

IT IS ORDERED AND DECREED that the family residence located at 2308 Nixson, Longview, Gregg County, Texas, is set aside for the exclusive use and benefit of CARLOS RENEE LANIER and the minor child of the marriage, until the occurrence of the earliest of the following conditions:

a.      The minor child of the parties have attained 18 years of age or finished high school.

b.      The sale of said residence by mutual agreement of CARLOS RENEE LANIER and SAMUEL LANIER.

IT IS ORDERED AND DECREED that during the period of exclusive occupancy of the residence by CARLOS RENEE LANIER and the parties' child, any and all maintenance expenses over the total amount of $500.00 shall be split equally between CARLOS RENEE LANIER and SAMUEL LANIER.  Any maintenance expenses under the total of $500.00 shall be paid in full by CARLOS RENEE LANIER.

IT IS ORDERED AND DECREED that when the period of exclusive occupancy of CARLOS RENEE LANIER expires pursuant to the conditions described above, that CARLOS RENEE LANIER place the house and lot located at 2308 Nixson, Longview, Gregg County, Texas, on the market for sale, listed with a reputable real estate agent who is a member of MLS of Longview, such agent to be approved by CARLOS RENEE LANIER, at a fair market value to be determined by such real estate agent.

IT IS FURTHER ORDERED AND DECREED that upon the sale of the house and lot, the proceeds from such sale shall be disbursed in the following manner:

FIRST: The lien indebtedness shall be paid in full.

SECOND: All costs of sale shall be paid in full.

THIRD: The remaining proceeds shall be divided equally between CARLOS RENEE LANIER and SAMUEL LANIER with one-half (½) of said proceeds to be paid to CARLOS RENEE LANIER and one-half (½) of said proceeds to be paid to SAMUEL LANIER.

IT IS FURTHER ORDERED that in the event CARLOS RENEE LANIER decides not to sell the house, CARLOS RENEE LANIER is ORDERED AND DECREED to have the house and lot located at 2308 Nixson, Longview, Texas, appraised. CARLOS RENEE LANIER is to pay SAMUEL LANIER for his one-half (½) interest in and to the equity in said property, over and above outstanding liens thereon. Payment to be made by CARLOS RENEE LANIER to SAMUEL LANIER for his interest in and to the equity of said property within 90 days of said appraisal. CR-22-23.

## ANALYSIS

Carlos admitted that she allowed other persons to occupy the home, and collected $1800.00 per month for two years, (totaling $43,200.00) as a caregiver. She further admitted that she had not paid Samuel his one-half (approximately $12,500.00) share of her Skeeter retirement account. The record is silent as to why Carlos allowed Samuel to disregard his obligation of monthly payments while failing to disclose that she was in effect running a boarding house in violation of the "exclusive" occupancy language in the decree.

Samuel's failure to get any receipts for his numerous cash payments left him

at the mercy of Carlos' "memory". But Carlos' own testimony about income received from her caregiving and her failure to pay over Samuel's share of the Skeeter account provide a different economic calculation than that proposed by Carlos and accepted by the trial judge.

Carlos' sought offsets as follows CR-34:

### Summary of Requested Relief

| | |
|---|---|
| Mortgage Payment Mr. Lanier should have made (beginning 11/11/2008 through 06/01/2014) | $41,755.62 |
| Repairs Mr. Lanier should have reimbursed | 1,597.50 |
| Total owed by Mr. Lanier | $43,353.12 |
| | |
| Amount child received from Social Security Administration | -$21,948.00 |
| Amount remaining due by Mr. Lanier | $21,405.12 |
| | |
| Value of home (Ct. ordered appraisal attached as exhibit "C") | $69,000.00 |
| Mortgage pay off through 06/30/2014 | -$28,676.36 |
| Total Equity | $40,323.64 |
| | |
| Amount still owed by Mr. Lanier | $21,405.12 |
| Each ½ Equity (approximate) | -$20,161.82 |
| Difference owed by Mr. Lanier | $1,243.30 |

The judgment (and Carlos' testimony) track this pleading.

The trial court totally disregarded the financial and equitable offsets sought by Samuel (his share of the Skeeter account and violation of the exclusive occupancy clause). When, as here, a trial court acts unreasonably, arbitrarily and without any reference to guiding rules or principles, an abuse of discretion is shown. Cf. *Hagen v. Hagen,* 282 S.W.3d 899 (Tex. 2009) and *Pearson v. Fillingim,* 322 S.W.3d 361 (Tex. 2011).

## PRAYER

Upon the issue and argument presented, it is submitted that the judgment of the trial court in this case should be reversed and the case remanded for a new trial.

Respectfully submitted,

EBB B. MOBLEY
Attorney at Law
422 North Center Street-Lower Level
P. O. Box 2309
Longview, TX   75606
Telephone: (903) 757-3331
Facsimile: (903) 753-8289
ebbmob@aol.com

/s/   EBB B. MOBLEY
EBB B. MOBLEY
State Bar # 14238000

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 2667  words according to the computer program used to prepare the document.

/s/   EBB B. MOBLEY
EBB B. MOBLEY

## CERTIFICATE OF SERVICE

A copy of this brief was sent to counsel for the Appellee Jessica Kroscher, at P.O. Box 1228, Longview, Texas 75601, on the 18th day of September, 2015 by efile.

/s/   EBB B. MOBLEY
EBB B. MOBLEY